**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:26-CR-437 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DONALD NUGENT |
| -vs- | : | |
| | : | |
| SEKU N. SHABAZZ | : | **MOTION FOR RELEASE OR** |
| | : | **ALTERNATIVELY TO SET A** |
| Defendant. | : | **DETENTION HEARING** |
| | : | (Hearing Requested) |

Defendant Seku N. Shabazz moves this Court for his immediate release or alternatively to set a detention hearing. Mr. Shabazz was detained on Oct. 2, 2026, at his arraignment. Dkt. 5, Minutes of proceedings 10/2/2026. Mr. Shabazz is not a flight risk or a danger to the community. Because Mr. Shabazz is entitled to a detention hearing, the Court must set a hearing on the issue of bond. *See* 18 U.S.C. § 3142(e), (f). At the hearing, Mr. Shabazz will demonstrate that he should be released pending trial because a combination of release conditions will reasonably assure his appearance and the community's safety. .

## I. Legal framework.

Pursuant to 18 U.S.C. § 3142(f)(2), where a Court on its own motion seeks to detain a defendant, it must first find that either "the case involves a serious risk that the defendant will flee, 18 U.S.C. § 3142(f)(2)(A), or that the case involves a serious risk that the defendant will obstruct justice or attempt to or threaten, injure, or intimidate a prospective witness or juror, § 3142(f)(2)(B)." *United States v. Farmer*, No. 16-3904 (6th Cir. Sep. 8, 2016) (Unpublished Order). In this case, no such findings were made, nor could they have been.

In cases in which a defendant is held on a judicial officer's own motion, 18 U.S.C. § 3142 requires that the judicial officer "shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community." The statute further requires that the hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance", neither of which has occurred in this case. 18 U.S.C. § 3142(f)(2). At that hearing, Mr. Shabazz must be afforded "an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." *Id.*

There is no presumption of detention in the instant case. Quite the opposite. When deciding pretrial detention, the Court must remain cognizant that the "default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The Supreme Court has explicitly held that "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This presumption of release is encapsulated in the Bail Reform Act ("BRA"), 18 U.S.C. § 3142. The BRA states the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also*

*United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

**II. Seku Shabazz is not a risk of flight.**

There is no evidence to suggest Seku Shabazz poses a risk of failing to appear for future court appearances. To the contrary, Mr. Shabazz has been in active consultation with the government for months in an effort to reach a preindictment resolution of this matter. He has been accessible and responsive and will continue to be so while on bond now that this case has been indicted. There is no evidence to suggest Mr. Shabazz will not appear in court to face the charges against him.

**III. Seku Shabazz is not a danger to the community and there are conditions that would reasonably assure the community's safety.**

Mr. Shabazz will not pose a danger to the community if released on bond. He has no criminal record of any kind. No evidence has been presented upon which this Court can make a finding by clear and convincing evidence that Mr. Shabazz is a threat to the community in any way.

**IV. The Pretrial Service Report recommends bond for Mr. Shabazz**

The Pretrial Service Report in the instant case recommends bond. It notes that Mr. Shabazz is a 54-year-old man with no criminal record. He has lived at his current residence for the past five years. He does not use illegal drugs. The firearms noted in the report (and his passport) have been secured and a receipt for them has been provided to Pretrial Services. He receives mental health care for obsessive compulsive disorder. He has been on medication for eight years. He is not currently receiving his medication at NEOCC, which can lead to severe panic attacks, insomnia, powerful mood swings, and loss of appetite. The Pretrial Risk Assessment (PTRA), "an objective, quantifiable instrument that provides a consistent and valid method of predicting risk of failure to

appear, new criminal arrests, and technical violations", Mr. Shabazz is an excellent candidate for bond. He is in Risk Category 1, which predicts "1% will Fail to Appear, 1% will have a New Criminal Arrest, 2% will both Fail To Appear and have a New Criminal Arrest, 1% will commit Technical Violations, and 3% will engage in a combination of Failure to Appear, New Criminal Arrest, and Technical Violations." Not only does the evidence in the Pretrial Service Report not support a finding of or serious risk of flight or danger to the community by clear and convincing evidence, it strongly supports releasing Mr. Shabazz on bond.

## V. Conclusion

Mr. Shabazz is entitled to immediate release or alternatively to a detention hearing. *See* 18 U.S.C. § 3142(e), (f). At the hearing, Mr. Shabazz will show that a combination of conditions will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(c)(1)(B). And because there are conditions that will reasonably assure Mr. Shabazz's appearance and the community's safety, this Court should release him on bond with appropriate conditions.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Darin Thompson*
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
Office of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, OH 44113
(216) 522-4856 Fax:(216) 522-4321
E-mail: darin_thompson@fd.org