IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:26CR437 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| SEKU N. SHABAZZ, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | RELEASE |
| | ) | |

The United States of America, by and through its counsel, David M. Toepfer, United States Attorney, and Megan R. Miller, Assistant United States Attorney, hereby submits this response to Defendant Seku N. Shabazz's Motion for Release (R. 9: Motion for Release, PageID 109-13) (the "Motion").

On October 1, 2026, a grand jury for the Northern District of Ohio returned an indictment charging Defendant with one count of theft from an employee pension fund in violation of 18 U.S.C. § 664; seven counts of wire fraud in violation of 18 U.S.C. § 1343; three counts of money laundering in violation of 18 U.S.C. § 1957; and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (R. 1: Indictment, PageID 1-40). Defendant was arrested on an arrest warrant issued pursuant to those charges on October 2, 2026.

At Defendant's arraignment later that day, undersigned counsel received a copy of the Pretrial Services Report (the "Report") that the U.S. Pretrial Services and Probation Office ("USPO") prepared for the Court in connection with the hearing. According to the Report,

Defendant possessed three firearms at his residence—a .357 magnum, a 9mm Sig Sauer, and a .380 Sig Sauer. He also admitted to having a U.S. passport at his home and having traveled outside of the United States as recently as 2024. The USPO recommended that the defendant remain in custody until the firearms were removed from his residence and no longer accessible. Undersigned counsel similarly told defense counsel before the arraignment that the government could not agree to allow Defendant to return to his home unless and until the firearms and passport were removed and secured. While Defendant and counsel attempted to engage a collateral contact to do so, these arrangements could not be made before the hearing. This Court ordered Defendant detained at his arraignment. (R. 5: Minutes of Proceedings, Oct. 2, 2026 (non-doc)). It further instructed Defendant to file a motion should he wish to revisit this ruling.

In the Motion, Shabazz now asserts that "[t]he firearms noted in the report (and his passport) have been secured and a receipt for them has been provided to Pretrial Services."[1] (R. 9: Motion for Release, PageID 111). As a result, Shabazz requests that the Court immediately release him or set a detention hearing so that he may demonstrate that he should be released pending trial. (*Id.*).

The government agrees that the Court should set a detention hearing to determine whether there are any conditions or combinations of conditions that will reasonably assure the appearance of such person and the safety of the community. *See* 18 U.S.C. § 3142(f). While the government may be willing to agree to Defendant's release on bond now that the firearms and passport are secured, the government would do so only if certain additional conditions and

[1] The USPO confirmed that a third-party custodian has taken possession of Defendant's firearms and passport. The government requests that the Court order the third-party custodian to surrender Defendant's passport to the Clerk of Courts.

restrictions are put in place. For example, the government has grave concerns regarding Defendant's recent contact with victims and witnesses in this matter and intends to request a no-contact order as a condition of any bond. The government is also aware that on May 8, 2025, the Cuyahoga County Dometic Relations Court issued a protection order against Defendant which prohibits him for two years from contacting certain individuals—and which prohibits him from possessing firearms. Not only are those individuals potential witnesses in this case to whom the no-contact order should apply, but Defendant's conduct in ignoring the conditions of another court by possessing firearms when prohibited gives the government significant pause regarding his ability to comply with this Court's terms of release. The government therefore believes that a hearing is necessary to determine what, if any, release conditions are appropriate.

For these same reasons, Defendant's immediate release is not appropriate. If Defendant is immediately released, he will not be subject to the USPO's pretrial supervision nor any conditions of bond. This is plainly inconsistent with the USPO's Report, which recommended a series of conditions in the event the Court released Defendant on bond. Indeed, Defendant himself appears to concede in the Motion that bond is only appropriate if accompanied by release conditions. (R. 9: Motion for Release, PageID 109, 111). Moreover, the parties have no agreement about what conditions will reasonably assure Defendant's appearance and the safety of the community, and the government anticipates that Defendant may wish to challenge certain conditions (or their scope) that the government may request. A hearing thus ensures that each side will have an opportunity to be heard on these issues. Finally, and importantly, a hearing also ensures that Defendant not only is directly informed of the conditions of his release but the potential consequences of breaching them. It also facilitates the USPO's supervisory duties and

promotes efficiency by making Defendant immediately available to report for supervision and meet with his supervising officer.

For all of these reasons, the government respectfully requests that the Court enter an order scheduling a bond hearing at its earliest convenience.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

/s/ Megan R. Miller
Megan R. Miller (OH: 0085522)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3855
(216) 522-2403 (facsimile)
Megan.R.Miller@usdoj.gov